[No. 2245.  Decided June 10, 1896.]

## B. A. MUNSON, *Appellant*, v. GEORGE MUDGETT, *Respondent*.

APPEAL — CERTIFYING QUESTIONS TO SUPREME COURT — APPEALABLE ORDER.

Under the appeal act of 1893, the superior courts are not authorized to certify questions to the supreme court for decision.

An order of the superior court directing that certain proceedings be sent to the supreme court for determination of the points in controversy in the case is not an appealable order.

Appeal from Superior Court, Spokane County.— Hon. JESSE ARTHUR, Judge.  Appeal dismissed.

*B. N. Carrier*, for appellant.
*Fitzgerald & Hopkins*, for respondent.

*Per Curiam.*—The parties to the record in this case filed an agreed statement of facts in the superior court

of Spokane county, and requested "a decision of the court" upon five specific questions therein set forth. Upon such submission the court made the following order:

"Upon the agreed statement submitted by the parties to the above entitled action and the briefs submitted, the court finds in favor of defendant George Mudgett, county treasurer, upon all questions submitted, and the court being of the opinion that the questions involves the determination of the proper construction of the statutes of this state in relation to the payment of interest coupons on bonds by the several counties of the state and that it is desirable to have the opinion of the supreme court upon said question; it is hereby ordered and directed by the court that the proceedings in this case be sent to the supreme court of Washington for the determination of the five points in controversy which appear on pages two and three of the agreed statement in this case."

In this form the record was certified to this court and filed with the clerk May 4, 1896. On May 26, 1896, a notice of appeal was given, which notice, together with an appeal bond, was filed with the clerk of this court May 29th; also a stipulation of the attorneys for the respective parties to the effect that an oral notice of appeal had been given in open court at the time that the order above set out was made.

We think we are without jurisdiction to entertain the cause. The statute does not authorize superior courts to certify questions to this court for decision. The territorial statute permitted it, and *Murry v. Fay,* 2 Wash. 352 (26 Pac. 533), decided April 29, 1891, came to this court so certified, but the act of March 8, 1893, prescribes the manner in which cases may be brought to this court for review, and § 38 of that act (Laws 1893, p. 135) declares that the mode so provided "shall be exclusive and shall supersede all other

methods heretofore provided." It follows that the order of the court below certifying the questions to this court for decision is ineffectual for the purpose of conferring jurisdiction. The notice of appeal is also ineffectual for the reason that the so-called order is not, in our opinion, an appealable order or judgment. It determines nothing. It is neither a judgment for the recovery of money or property, nor does it require the performance of any act. It lacks both the form and substance of a judgment.

Concluding that we are without jurisdiction in the premises, a dismissal of the proceedings will be ordered.